UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

———————————————————————— )
GABRIEL CHRISTOPHER,                         )
on behalf of                                 )
himself and all other similarly situated     )
                                             )          Case No.
                              Plaintiffs,    )
vs.                                          )
                                             )
FINANCE OF AMERICA, MORTGAGE,LLC.            )
                                             )
              Defendant.                     )
———————————————————————— )

## COMPLAINT

Plaintiff, GABRIEL CHRISTOPHER, by his undersigned attorneys, for his Complaint against the Defendant FINANCE OF AMERICA MORTGAGE, LLC, alleges as follows:

### NATURE OF ACTION  AND PARTIES

1.      This civil action is brought by the above› namedindividual plaintiff who seeks redress for the Defendant's violations of his rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq.  This action is brought as a nationwide collective action pursuant to 29 U.S.C. §216(b) alleging violations of the Fair Labor Standards Act.  It is also brought as a state wide Class action pursuant to Rule 23 for violations of the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105 et seq. and the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq. and the Illinois Minimum Wage Act ("IWPCA") 820 ILCS §105 et. seq.

2.      Plaintiff Gabriel Christopher was employed by Defendant as a loan officer ("LO") in Defendant's Lisle, Illinois office.  Defendant has about 300 offices located around the country

and employs about 1400 loan officers.  In Illinois, it has at least three offices located in Lisle, Peoria and Elmhurst.

3.      Defendant implemented a common scheme in all offices whereby Plaintiff and all other loan officers were not paid for all hours worked, were not paid overtime for hours worked in excess of forty hours in a given workweek, and were not paid the federal minimum wage, in violation of the Fair Labor Standards Act ("FLSA").

4.      The similarly situated individuals whom the Plaintiff seeks to represent are comprised of Loan Officers employed by Defendant Finance of America Mortgage, LLC. Defendant knowingly and willfully failed to pay their wages in accordance with applicable federal law, including but not limited to minimum wage and overtime wages that were improperly underpaid due to Defendant's common compensation policy. Plaintiff seeks redress on behalf of himself and all others similarly situated. Plaintiff brings this action as a nationwide collective action pursuant to 29 U.S.C. §216(b) for violations of the FLSA and as a statewide class action under Illinois law pursuant to Rule 23, F.R.C.P.

5.       Upon information and belief, at all times hereinafter mentioned, Defendant Finance of America Mortgage LLC ("Finance of America") was and still is a foreign corporation with its headquarters in Horsham, Pennsylvania.

<u>JURISDICTION AND VENUE</u>

6.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367.  The Court has personal jurisdiction over

Defendants pursuant to Federal Rule 4 (k)(1), in that Defendants have sufficient contact with the state of Illinois as they conducted business within the state. See 735 ILCS 5/2› 209.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).


GENERAL  ALLEGATIONS

8.     This lawsuit arises out of Defendant's practice of knowingly and willfully refusing to pay loan officers minimum wages for all hours worked and for denying loan officers overtime pay for all hours worked in excess of forty hours each workweek.

9.     At all times relevant, Plaintiff and all other LOs were non› exempt employees of Defendant Finance of America as defined by the FLSA. Plaintiff was employed by the Defendant from September 2015 through February 2016.

10.     At all times relevant, Finance of America was an employer, as defined by the FLSA and Illinois state law.

11.      Defendant Finance of America is engaged in interstate commerce as that term is used in the FLSA.

12.     At all times relevant, Plaintiff and all other LOs, in their capacity as employees of Defendant Finance of America, were engaged in interstate commerce.

13.     During the course of employment with Defendant Finance of America, LOs, such as Plaintiff Christopher, were not exempt from minimum wage and/or overtime wages. However, the LOs were paid commissions only, did not receive minimum wages for all hours worked, and did not receive overtime compensation as required by the FLSA and the IMWA.

14.     During the course of all the LOs' employment with Defendant Finance of America, the LOs routinely worked in excess of 40 hours per week. For example, Plaintiff Christopher typically worked 50› 60 hours a week from Monday through Saturday.

15.     Despite the fact that the LOs were not exempt, Defendant Finance of America did not track the LOs' work hours and did not pay the LOs the proper wages they were owed, including payment of minimum wage and payment of overtime wages for work in excess of 40 hours per week.

16.     Defendant routinely withheld commission money owed to Plaintiff and other LOs for loans that were in the pipeline, including loans completed after Plaintiff and other MLOs ceased working for Defendant, in violation of the employment agreements between Defendant and Plaintiff and other MLOs, as well as the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq. For example, Mr. Christopher is owed $12,500 in commissions for a loan that closed about the time he left the company and for which he was never paid. Withholding compensation in this manner caused Plaintiff and other loan officers damages in the form of lost income.

17.     Plaintiff and the other LOs are entitled to actual and liquidated damages for Defendants' actions.

COLLECTIVE ACTION ALLEGATIONS
OF THE FLSA CLASS

18.     Plaintiff reasserts and re› alleges the allegations set forth in each of the paragraphs above.

19.     Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of themselves and the following class of persons: All Loan Officers and

persons in a similarly titled position who worked for Defendant Finance of America in its mortgage division at any time during the statutory period who give their consent in writing to become party plaintiffs ("FLSA Class").

20.     All putative members of the class are similarly situated because, inter alia, they all had similar duties  performed similar tasks  were paid (or not paid) on a commission only basis were entitled under the FLSA to be paid for all hours worked, paid overtime for all work in excess of 40 hours per week and paid minimum wages for all hours worked under 40 hours per week  and had such rights undermined and negated by Defendant's unlawful practices and policies.

21.     Defendant has encouraged, permitted, and required the LOs to work without minimum wage pay and without overtime compensation.

22.      Defendant has known that Plaintiff and other members of the FLSA Class have performed unpaid work and have been deprived of minimum wages and overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiff and the Class all compensation for work in excess of 40 hours in a week.

23.     Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other members of the FLSA Class.

COUNT I
FAILURE  TO PAY MINIMUM  WAGES  AND OVERTIME WAGES  UNDER THE FLSA

24.     Plaintiff realleges and incorporates by reference all the above allegations.

25.     Under the FLSA, the LOs (hereinafter referred to as "The FLSA Class") were entitled to be paid minimum wages.  The FLSA Class was also entitled to be paid at the overtime rate  by  Defendant  for  each  hour  worked  in  excess  of  40  hours  each  workweek.

26.     The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

27.     Defendant failed to compensate The FLSA Class per the FLSA minimum wage requirements for the hours that they worked for Defendant.

28.     Defendant also failed to compensate The FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

29.     Defendant's violation of the FLSA for failure to pay The FLSA Class minimum and overtime wages was willful and deliberate.

30.     Upon information and belief, Defendant's practice as described above was not approved in writing by the United States Department of Labor.

31.     Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor.

32.     Due to Defendant's violation of the FLSA, The FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ALLEGATIONS

33.     Plaintiff also brings this action as a class action on behalf of himself and all other persons similarly situated in Illinois, subject to entry of an Order certifying this cause as a class action pursuant to Rule 23, F.R.C.P.

## Class Action Law

34.     Rule 23 provides that a cause of action may be maintained as a Class Action if:

    a.  The Class is so numerous that the joinder of all members is impracticable

b. There are questions of fact or law common to the Class, which common questions predominate over any questions affecting only individual members

c. The representative parties will fairly and adequately protect the interest of the Class and,

d. The Class Action is an appropriate method for the fair and efficient adjudication of the controversy.

<u>Proposed Class</u>

35.    Plaintiff seeks certification of the following classes:

"All individuals who were employed by Defendant, its subsidiaries or affiliated companies, as Loan Officers or in a similarly titled position in the state of Illinois at any time during the relevant statute of limitations period who did not sign an arbitration agreement and  1) were paid less than the required minimum wage  or 2) were not paid for all hours worked  or, 3) were not paid all commissions earned."

<u>The Employee Class Meets the Requirements for<br>Class Certification Numerosity</u>

36.    The Class satisfies the numerosity standards.  On information and belief, at the time this complaint was filed, Finance of America had approximately 30 loan officers in its 3 Illinois offices.  Over the last five years, there have been at least another fifty loan officers who worked at Finance of America and who have the same claims as the Plaintiff.  There is no question therefore that this lawsuit encompasses up to 100 potential claimants.  The proposed Class can be identified and located using Defendant's payroll and personnel records.  Therefore, the Class is so numerous that the joinder of all members is impracticable.  Class members may be informed of the pendency of this Class Action by direct mail based upon payroll records and/or published and broadcast notice.

<u>Common Questions of Fact or Law</u>

37.     There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   e.  Whether Defendant failed to pay Plaintiff and Class members the minimum wage required by law

   f.  Whether Defendants failed to pay Plaintiff and Class members a guaranteed salary or a guaranteed hourly wage

   g.  Whether Defendant failed to pay Plaintiff and Class members all compensation due them

   h.  Whether Defendant failed to pay Plaintiff and Class members all overtime compensation due to them

   i.  Whether Plaintiff and the Class were expected to work in excess of 40 hours per week

   j.  Whether Plaintiff and the Class worked in excess of 40 hours per week

   k.  Whether Defendant's practices violate provisions of the Illinois Minimum Wage Law

   l.  Whether Defendant's practices violate provisions of the Illinois Wage Payment and Collection Act

   m.  Whether the Defendant's failure to pay compensation, including overtime, was willful

   n.  Whether Plaintiff and the Class have suffered damages and the proper measure of those damages

   o.  Whether Defendant withheld commissions owed to Plaintiff and the Class and,

   i.  Whether such withholdings constitute a breach of contract by Defendant.

38.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of

consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

## Typicality

39.     Plaintiff's claims are typical of the claims of the Class members.   The named Plaintiff suffered similar injuries as those suffered by other Class members as a result of Defendant's failure to pay wages, including overtime compensation, for hours actually worked.

40.     Plaintiff's contract claims are also typical of the claims of the Class members. The Defendant breached its contract with Plaintiff and the Class by failing to pay commissions earned to Plaintiff and the Class after they were no longer employed by the Defendant.

## Adequacy

41.     The named Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent.  The interests of the Class will be fairly and adequately protected by the named Plaintiff and his undersigned counsel.  Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

## Superiority

42.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable.  Class action treatment will allow a large number of similarly situated persons to prosecute their

common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant or substantially impair or impede the ability of class members to protect their interests.

COUNT II
FAILURE TO PAY MINIMUM WAGES UNDER ILLINIOS LAW

43.    Plaintiff repeats and re› alleges the above paragraphs.

44.    Illinois law provides that, "Every employer shall pay to each of his employees in every occupation wages . . . of not less than $8.25 per hour." Illinois Minimum Wage Law, 820 ILCS 105/4(a)(1).

45.    Defendant failed to pay named Plaintiff the minimum wage for all hours worked. Upon information and belief, Defendant also failed to pay other class members of the Plaintiff class the requisite minimum wage.

46.    The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS 105/4(a)(1). Defendant's actions were willful and not in good faith.

47.    Defendant is liable to Plaintiff for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 et. seq. and 29 U.S.C. §206.

COUNT II
FAILURE TO PAY WAGES EARNED UNDER ILLINOIS LAW

48.     Plaintiff repeats and re› alleges the above paragraphs.

49.     Illinois law provides that "every employer shall be required, at least semi› monthly, to pay every employee all wages earned during the semi-monthly pay period." Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq.

50.     The employment agreement between Plaintiff and the Defendant provided for payment of commissions on loans originated by Plaintiff and the Class.

51.     Defendant failed to pay the Plaintiff and members of the Class commissions on loans that were earned and in the pipeline at the time that Plaintiff and the Class left the employment of the Defendant.

52.     The foregoing actions of Defendant constitute violations of Illinois Wage Payment and Collection Act, 820 ILCS §115/3 et seq.  Defendant's actions were willful and not in good faith.

53.     Defendant is liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and cost, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115 et seq.

COUNT III
FAILURE TO PAY OVERTIME UNDER ILLINIOS LAW

54.     Plaintiff repeats and re› alleges the above paragraphs.

55.     Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum          Wage          Law,          820          ILCS          §105/4a          et.          seq.

56.     Defendant failed to pay Plaintiff for overtime hours worked. Upon information and belief, Defendant also failed to pay other members of the Plaintiff class for overtime hours worked.

57.     The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 et. seq.   Defendant's actions were willful and not in good faith.

58.     Defendant is liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 et. seq.


COUNT IV
BREACH OF EMPLOYMENT CONTRACT

59.     Plaintiff repeats and re› alleges the above paragraphs.

60.     Plaintiff had originated loans that were in his pipeline at the time he left his employment with the Defendant.   Despite the fact that he had already earned commissions on these loans and had submitted written requests for payment, Defendant has refused to pay the commissions owed to them.   Likewise, Defendant has withheld commission payments to other loan officers who have sold loans and left employment with the Defendant before the closing on these loans.

61.     Defendant's withholding of commissions due Plaintiff and other loan officers is a breach of the contract between Defendant and Plaintiff.

62.     Defendant is liable to Plaintiff and other members of the Class for compensatory damages and recovery of attorneys' fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1.      Award all actual damages suffered by Plaintiff and the Mortgage Loan Originators

2.      Order the disgorgement of all monies improperly retained or obtained by Defendant

3.       Enter an order declaring that Defendant willfully violated the minimum wage and overtime provisions of the FLSA and the IMWA

4.      Award Plaintiff and the Class damages in the amount of minimum wages and overtime wages required by the FLSA and the IMWA improperly denied them by Defendant's actions

5.      Award Plaintiff liquidated damages equal to Plaintiff's unpaid minimum wages and overtime compensation under the FLSA

6.      Award Plaintiff punitive damages

7.      Award Plaintiff prejudgment interest pursuant to the IMWA

8.      Award Plaintiff post-judgment interest

9.      Award Plaintiff reasonable attorneys' fees as well as the costs of this action

10.     Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues raised by the Complaint.

Dated: July 11th, 2016                        Respectfully submitted,

GABRIEL CHRISTOPHER

By: _____/s/ Terrence Buehler_____
Terrence Buehler
The Law Office of Terrence Buehler
17 W 220 22nd Street
Suite 410
Oakbrook Terrace, Illinois 60181
Telephone: (331) 225‹ 2123


Peter Lubin
Vincent DiTommaso
DiTommaso›Lubin
DiTommaso› LubinP.C.
The Oak Brook Terrace Atrium
17W220 22d Street, Suite 200
Oak Brook Terrace, IL 60181